# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Allwell Akatobi,

      Plaintiff,                              Case No. 2:09-cv-1028

      v.                                     JUDGE GRAHAM

Aldi, Inc.,

      Defendant.

## Opinion and Order

Defendant Aldi is a retail grocery chain, and Plaintiff Allwell Akatobi is a former store manager of an Aldi store located in Franklin County, Ohio. Akatobi brings this employment discrimination action for damages resulting from alleged violations of his civil rights under federal and state law. Akatobi asserts federal and state law claims for disability discrimination and racial discrimination, as well as Ohio public policy claims for retaliation and wrongful termination. This matter is before the court on Aldi's motion to dismiss the public policy claims (Counts 3 and 4) for failure to state a claim upon which relief can be granted. Aldi argues that such public policy claims are not recognized in Ohio when, as here, adequate statutory remedies are available

For the reasons set forth below, the motion to dismiss Counts 3 and 4 is granted.

## I. Background

The complaint contains the following allegations. Akatobi is of Nigerian national origin and was employed by Aldi as a store manager for four-and-a-half years. During this time he had no disciplinary actions against him. In May of 2008, he contacted his management team about hiring additional staff because he was working in excess of 80 hours per week. As a result of his workload, Akatobi alleges that he needed medical attention, though the nature of his medical condition is not specified in the complaint. Akatobi alleges that his physician advised against working in excess of 50 hours per week. Akatobi's supervisor, however, told him that he had to work more than 50 hours per week.

On September 4, 2008, Akatobi's wife had a slip-and-fall injury that occurred in the store

managed by Akatobi. The incident resulted in a personal injury claim against Aldi. On September 7, 2008, Akatobi was terminated by Aldi and replaced by a Caucasian male. Akatobi was informed that he was terminated because of his communication skills.

The complaint asserts four claims. The first two, which are not the subject of Aldi's motion to dismiss, are for disability discrimination and racial discrimination.

In Counts 3 and 4 Akatobi makes the following public policy claims:

15. Defendant's conduct of terminating Plaintiff promptly following his wife's injury on the premises amounts to retaliatory conduct and a wrongful termination in violation of public policy in derogation of but not limited to Ohio Revised Code 4112 (Count 3).

16. Defendant's conduct towards Plaintiff amounts to a public policy wrongful termination in derogation of but not limited to the above referenced statutes (Count 4).

Akatobi alleges that he is entitled to back pay, front pay, compensatory damages, and punitive damages.

## II. Motion to Dismiss Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 129 S.Ct. at 1949-50; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic

recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 555 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))

### III. Discussion

A claim for wrongful discharge in violation of public policy is recognized in Ohio. Wiles v. Medina Auto Parts, 96 Ohio St.3d 240, 242 (Ohio 2002). However, in order to prove a wrongful discharge tort, the plaintiff must "establish the existence of clear public policy, that a dismissal of employees under the circumstances employed in the particular case would jeopardize the public policy, that the dismissal was related to the public policy, and that the employer lacked an overriding legitimate

3

business justification for the dismissal." Collins v. Rizkana, 73 Ohio St.3d 65, 69-70 (Ohio 1993). The first two issues, clarity and jeopardy, are questions of law for the court. Id. at 70.

Aldi moves to dismiss Counts 3 and 4 because they fail to satisfy the jeopardy prong of a public policy claim. Aldi argues that the very statutes cited in the complaint adequately protect society's interests in discouraging the wrongful conduct.

In Ohio, "there is no need to recognize a common-law action for wrongful discharge" if "the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach." Wiles, 96 Ohio St.3d at 244. "It is clear that when a statutory scheme contains a full array of remedies, the underlying public policy will not be jeopardized if a common-law claim for wrongful discharge is not recognized based on that policy." Leininger v. Pioneer Natl. Latex, 115 Ohio St.3d 311, 317 (Ohio 2007).

Here, Akatobi asserts that the public policies violated were those against retaliation[1], disability discrimination, and racial discrimination. The statutes expressly mentioned by Akatobi as the sources of his public policy claims are: the Family Medical Leave Act (29 U.S.C. § 2615(a)), the Americans with Disabilities Act (42 U.S.C. § 12112(a)), Title VII (42 U.S.C. § 2000e-2(a)), and the Ohio Civil Rights Act (O.R.C. § 4112.02(A)).

It is well-established that the statutes Akatobi relies on provide a full array of remedies to protect against the type of wrongful conduct alleged in the complaint. See, e.g., Cox v. True North Energy, LLC, 524 F.Supp.2d 927, 945-46 (N.D. Ohio 2007) (dismissing public policy claim based on FMLA interference and retaliation because FMLA provides adequate remedies); Conners v. SpectraSite Communications, Inc., 465 F.Supp.2d 834, 858 (S.D. Ohio 2006) (dismissing public policy claim based on disability discrimination because ADA and O.R.C. § 4112 provide adequate remedies); Carter v. Delaware County Bd. of Comm'r, No. 2:07-cv-1189, 2009 WL 544907, at *13 (S.D. Ohio March 3, 2009) (dismissing public policy claim based on racial discrimination because Title VII and O.R.C. § 4112

---

[1] In his brief in opposition to the motion to dismiss, plaintiff clarifies that his claim of retaliation relates to the Family Medical Leave Act. Plaintiff alleges that he was fired because Aldi knew that Akatobi would exercise his right to take FMLA leave to care for his injured wife.

4

provide adequate remedies). Akatobi may not bring public policy claims based on alleged violations of these statutes.

Accordingly, Aldi's motion to dismiss Counts 3 and 4 (doc.6) is GRANTED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: March 31, 2010